UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH AUKSTOLIS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:07-cv-51 (JCH) |
| | : | |
| AHEPA 58/NATHAN HALE SENIOR CENTER, | : : | |
| Defendant. | : | MAY 3, 2007 |

**RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. No. 13]**

The plaintiff, Joseph Aukstolis, brings this action against defendant AHEPA 58/Nathan Hale Senior Center ("AHEPA"), alleging statutory violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and violations of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-58 et seq.. Aukstolis also brings claims under Connecticut common law for breach of oral contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing.

AHEPA has moved to dismiss the Complaint (Doc. No. 1), pursuant to Rules 12(b)(1) and 12(b)(6). For the foregoing reasons, AHEPA Motion to Dismiss (Doc. No. 13) is granted in part and denied in part.

**I. STANDARDS FOR REVIEW**

Under Fed.R.Civ.P 12(b)(1), the court dismisses a complaint for lack of subject matter jurisdiction when it lacks constitutional authority to adjudicate the suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Auerbach v. Board of

1

Educ. of the Harborfields, 136 F.3d 104, 108 (2d Cir. 1998). In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

In deciding a Rule 12(b) (6) motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the pleader. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A Rule 12(b) (6) motion to dismiss tests the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). Thus, such a motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b) (6) motion cannot be granted simply because recovery appears remote or unlikely

2

on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). "[W]hile bald assertions and conclusions of law will not suffice to state a claim, the district court, before granting a motion to dismiss, must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Tarshis v. Riese Org., 211 F.3d 30 (2d Cir. 2000) (internal citations omitted); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

Aukstolis is a 58 years old male who, at all relevant times, was a resident of Bristol, Connecticut. AHEPA was a Connecticut Corporation licensed to do business in the state.

Aukstolis was an employee at AHEPA for seventeen years, beginning in March of 1989. During Aukstolis' tenure at AHEPA, his reviews were exemplary and, in 2005, he received recognition from AHEPA for his dedication and service. Aukstolis also received wage increases during his employment, including a raise as recently as August 2004.

Aukstolis suffers from sleep apnea, hypertension, fatigue, and day-time somnolence. Because of these difficulties, AHEPA permitted him to take certain days off and allowed him extended periods of time to perform certain chores. Aukstolis completed all of his assigned tasks. Through his years at AHEPA, Aukstolis received numerous assurances from the center that his job was secure.

For reasons that Aukstolis does not specify in the Complaint, AHEPA placed Aukstolis on a ninety-day probationary period that was to run from March 2005 through June 2005. However, before the ninety-day probationary period ended, AHEPA terminated Aukstolis on May 6, 2005. AHEPA's stated reason for the termination was Aukstolis' poor performance.

## III. DISCUSSION

AHEPA argues that Aukstolis' claims under the ADEA, ADA, and CFEPA should be dismissed for failure to exhaust administrative remedies. With respect to Aukstolis' common law claims, AHEPA contends that these claims should be dismissed for failure to state claims for relief. The court addresses these issues in turn.

### A. Exhaustion Under the ADA and ADEA

To bring claims against a private employer under either the ADA or the ADEA, an individual must first file a charge with the Equal Employment Opportunities Commission ("EEOC"). See 42 U.S.C. § 12117(a) (incorporating administrative exhaustion requirement from Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(1)); 29 U.S.C. § 626(d) (ADEA exhaustion requirement).[1] The ADEA instructs that a plaintiff cannot file a civil action until sixty days after the filing of a charge with the EEOC. 29 U.S.C. § 626(d). If the EEOC dismisses or otherwise terminates the charge, the EEOC must notify the complainant of this fact. 29 U.S.C. § 626(e). The EEOC normally fulfils this notice requirement by issuing a "right to sue" letter. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); Francis v. Elmsford Sch. Dist., 442

---

[1]Hereinafter, the court will simply cite to Title VII for the procedural requisites under the ADA.

F.3d 123, 126 (2d Cir. 2006). An individual must bring any subsequent civil action "within 90 days after the date of the receipt of such notice." 29 U.S.C. § 626(e). The ADA imposes a similar time limit on the filing of a civil action. Should the EEOC decide to dismiss a charge or decline to file its own civil action, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f) (1).

Through his attorney, Bruce E. Newman, Aukstolis requested a right to sue letter from the Boston office of the EEOC via a letter dated August 9, 2006. Newman Aff. at ¶ 2. After receiving no response from the EEOC for two months, Newman claims to have directed a paralegal to inquire of the EEOC as to when Aukstolis would receive his notice. Id. at ¶ 3. Anne Giantonio of the EEOC subsequently faxed Aukstolis' right to sue letter to Newman on October 30, 2006. See Fax Cover Sheet; Right to Sue Letter, Ex. A to Newman Aff. Aukstolis served the Complaint on AHEPA on December 15, 2006.[2] See Return of Service (Doc. No. 1). AHEPA claims that Aukstolis filed the Complaint in the Superior Court of the Judicial District of Hartford on December 26, 2006.[3] Def. Reply at 3. The EEOC letter from Giantonio is dated August 18, 2006, and it is addressed to Newman's office. Right to Sue Letter, Ex. A to Newman Aff. The right to sue letter indicates that AHEPA was to receive a carbon copy on the letter. See id. (listing AHEPA as a "cc" recipient). Newman claims the October 30 fax was the first notice he or his office received from the EEOC concerning this matter. Id.

---

[2]Aukstolis' Complaint is dated December 12, 2006. See Complaint at 1 (Doc. No. 1).

[3]AHEPA removed the action to this court on January 10, 2007. See Notice of Removal (Doc. No. 1).

5

AHEPA contends that Aukstolis' ADA and ADEA claims must be dismissed because Aukstolis neither alleged compliance with the exhaustion requirements in these statutes nor made reasonable efforts to follow up on his request for a right to sue letter. Def. Reply at 2. As the question of whether Aukstolis filed a timely civil action is the focus of the timeliness inquiry, rather than whether Aukstolis plead compliance with the exhaustion requirements, the court will only address AHEPA's claim that Aukstolis should have inquired about his right to sue letter sooner than two months after requesting it. See Haneburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir. 1997).[4]

In arguing that Aukstolis waited too long to follow up on his request for a right to sue letter, AHEPA cites to Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005). Kerr explained that the Eleventh Circuit has "imposed upon complainants some 'minimum responsibility . . . for an orderly and expeditious resolution' of their claims," as well as "expressed concern over enabling complainants to enjoy a 'manipulable open-ended time extension which could render the statutory minimum meaningless.'" Kerr, 427 F.3d at 952 (quoting Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1340 (11th Cir. 1999). The court is unaware of any Second Circuit decision, either by the Court of Appeals or any district court within the circuit, adopting a similar rule.

The Second Circuit has held that, absent a challenge, the court must assume that notice provided by a government agency was mailed on the date indicated on the

---

[4]AHEPA cites Haneburg for the proposition that "failure to comply with, and allege, compliance with these requirements is grounds for dismissal of the claims." Def. Mem. in Support at 4. However, Hanenburg only focused on actual compliance with Title VII exhaustion. Hanenburg, 118 F.3d at 572.

notice.  See Sherlock v. Montefiore Medical Center, 84 F.3d 522, 526 (2d Cir. 1996) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 & n.1 (1984) (per curiam).  Receipt of such notice is presumed three days after being mailed.  Id. at 525.  Despite these presumptions, Sherlock held that, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive."  Id. at 526 (citing Smith v. Local Union 28 Sheet Metal Workers, 877 F.Supp. 165, 172 (S.D.N.Y.), aff'd mem., 100 F.3d 943, 1996 WL 53650 (2d Cir. Feb. 8, 1996).

The court finds that Aukstolis has raised a reasonable inference that the EEOC did not send his right to sue letter to his attorney until October 30, 2006.  At this stage, the court credits Newman's assertions concerning his communications with the EEOC.  The court is also persuaded by the fact that, while AHEPA's was listed as a "cc" recipient of the right to sue letter, AHEPA never affirms that it received the notice at any time prior to October 30, 2006.  See Sherlock, 84 F.3d at 526 (finding issue of fact as to receipt of notice where both plaintiff and defendant listed as addresses on right to sue letter and defendant received letter at least twelve days after typewritten date).  AHEPA's silence is all the more persuasive considering that Aukstolis specifically raises this issue in his Opposition.  Pl. Mem. in Opposition at 3.  The court therefore denies AHEPA's motion to dismiss Aukstolis' ADA and ADEA claims in Counts One and Two.

### B.    CFEPA Exhaustion

The CFEPA states that individuals who have "timely filed a complaint with the Commission on Human Rights and Opportunities ["CHRO"] . . . and who has obtained a

release from the commission . . . may also bring an action in the superior court . . . ." Conn. Gen. Stat. § 46a-100.  There is no evidence that Aukstolis ever filed a claim with the CHRO, let alone obtained a release.  Instead, Aukstolis suggests, without citation, that his EEOC right to sue letter satisfies the requirements of section 46a-100.

The court disagrees.  The court notes that there have been work-sharing agreements between the EEOC and the CHRO which allowed the filing of a claim with the CHRO to preserve a claim with the EEOC.  See, e.g., Ortiz v. Prudential Ins. Co., 94 F.Supp.2d 225, 230-31 (D.Conn. 2000) (discussing work-sharing agreement in effect as of 1996).  However, at least two courts have held on the facts before them that a filing with the EEOC does not preserve a claim with the CHRO.  See Garcia v. Saint Mary's Hosp., 46 F.Supp.2d 140, 142-43 (D.Conn. 1999); see also Brewer v. Wilcox Trucking, Inc., 1997 WL 688778 at *3 (D.Conn. 1997).  At the very least, a plaintiff seeking to establish a "dual filing" must show that a work-sharing agreement was in effect between the CHRO and EEOC when the plaintiff filed their original administrative charge, and that, under the agreement, the CHRO would deem a filing with the EEOC to be a dual filing with the CHRO.  See  Bogle-Assegai v. State of Connecticut, 470 F.3d 498, 505 (2d Cir. 2006).

Based on the current record before the court, Aukstolis has not shown compliance with section 46a-100.  Aukstolis has not produced a right to sue letter from the CHRO, nor has he cited case law or regulations supporting his contention that his EEOC right to sue letter constitutes administrative exhaustion with the CHRO. Assuming that an operative work-sharing agreement could permit CHRO exhaustion via an EEOC notice, Aukstolis has also not established that this type of work-sharing

8

agreement existed between the CHRO and EEOC at the time he filed his EEOC charge. Consequently, there is no evidence that the manner in which Aukstolis' drafted his EEOC charge would have activated the dual-filing provision of such an agreement.

The court therefore grants AHEPA's motion to dismiss Aukstolis' CFEPA claims in Counts One and Two for lack of jurisdiction. The court's granting of the motion to dismiss is without prejudice to Aukstolis' right to re-plead his CFEPA claims if he can demonstrate compliance with section 46a-100, either by demonstrating a dual-filing arrangement between the EEOC and CHRO or otherwise.

### C.     Remaining Claims

AHEPA moves to dismiss Aukstolis' breach of oral contract claim in Count Three and Aukstolis' promissory estoppel claim in Count Four because Aukstolis has failed to allege any of the terms of any promises made to Aukstolis concerning his probation. Def. Mem. in Support at 4-5 (citing Geary v. Wentworth Labs., Inc., 60 Conn. App. 622, 627 (Conn. App. 2000) (breach of oral contract) and D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 2002 Conn. 206, 214-215 (Conn. 1987) (promissory estoppel)). The court finds that Aukstolis has adequately alleged a claim for breach of oral contract and for promissory estoppel under federal pleading standards. See Complaint at ¶¶ 1-11 (Count Three); ¶¶ 1-12 (Count Four). The motion to dismiss as to Counts Three and Four is therefore denied.

As to Aukstolis' claim breach of the of the implied covenant of good faith and fair dealing in Count Five, AHEPA moves to dismiss on the grounds that Aukstolis has not alleged that AHEPA violated an important public policy. Def. Mem. in Support at 6 (citing Sheets v. Teddy's Frozen Foods, 179 Conn. 471 (1980)). As Count Five

incorporates by reference Aukstolis' claims under the ADA and ADEA, see Complaint at ¶ 1-13 (Count Five), the court finds that Aukstolis has adequately alleged the violation of an important public policy. The motion to dismiss is therefore denied as to Count Five.

## IV. CONCLUSION

For the foregoing reasons, AHEPA's Motion to Dismiss (Doc. No. 13) is GRANTED with respect to Aukstolis' CFEPA claims in Counts One and Two. The rest of the motion is DENIED.

**SO ORDERED.**

Dated this 3rd day of May, 2007, at Bridgeport, Connecticut.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge