**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH AUKSTOLIS, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:07-cv-00051 (JCH) |
| : | |
| AHEPA 58/NATHAN HALE SENIOR : | |
| CENTER, : | SEPTEMBER 29, 2008 |
|     Defendant. : | |

**RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 35)
AND MOTION TO AMEND (DOC. NO. 36)**

**I.    INTRODUCTION**

The plaintiff, Joseph Aukstolis, brings this action against defendant AHEPA 58/Nathan Hale Senior Center ("AHEPA"). AHEPA is a Connecticut non-profit corporation licensed to manage housing facilities for low-income elderly and disabled persons. Aukstolis was employed by AHEPA as a custodian and maintenance person from March 1989 to May 2005, when he was terminated. He is currently 59 years old and suffers from obstructive sleep apnea, hypertension, and atrial fibrillation.

Aukstolis asserts five claims against AHEPA. Specifically, he alleges: 1) statutory violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; 2) statutory violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; 3) breach of oral contract under Connecticut common law; 4) promissory estoppel under Connecticut common law; and 5) breach of the implied covenant of good faith and fair dealing under Connecticut common law. AHEPA has moved for summary judgment as to all of Aukstolis's claims (Doc. No. 35).

For the reasons stated below, AHEPA's Motion is **GRANTED** as to all claims.

## II. STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

Generally, when assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## III. BACKGROUND[1]

Aukstolis is a 59-year-old male who, at all relevant times, was a resident of

---

[1] For the purposes of the instant motion, the court accepts facts undisputed by the parties and supported by evidence as true, and resolves disputed facts in favor of the nonmoving party where there is evidence to support his allegations.

Bristol, Connecticut.  AHEPA is a Connecticut non-profit corporation licensed by the state to manage housing for low-income elderly and disabled persons.

Aukstolis was an employee at AHEPA for sixteen years, beginning in March of 1989.  Aukstolis Affidavit ("Aukstolis Aff.") at ¶ 4.  In 2005, he received a service award from AHEPA in recognition of his years of dedication and service.  Id. at ¶ 7.  Aukstolis also received numerous wage increases during his employment, including a raise as recently as August 2004.  Id. at ¶ 8.

Aukstolis suffers from obstructive sleep apnea, hypertension, and atrial fibrillation.  Id. at ¶ 3.  These conditions cause Aukstolis to experience fatigue and daytime somnolence.  Defendant's Motion for Summary Judgment, Appendix ("Appdx.") at 17.  Because of these difficulties, Aukstolis sometimes had to work slowly at AHEPA.  Aukstolis Aff. at ¶ 11.  According to Aukstolis, however, he did not perform his responsibilities poorly and completed all of his assigned tasks.  Id.

Personnel files produced by AHEPA reveal supervisory complaints regarding Aukstolis beginning in August 1999.  See Appdx. at 1-3, 5-10.  These complaints include allegations that Aukstolis inappropriately loaned money to AHEPA residents, did not adequately perform work orders, and on one occasion swore at a supervisor.  Id.

On February 28, 2005, Aukstolis' supervisor, Linda Bader, gave Aukstolis a letter placing him on ninety-day probation to run from March 18, 2005 through June 17, 2005.  Plaintiff's Local Rule 56(a)(2) Statement ("56(a)(2) Stmt.") at ¶ 12.  The letter noted that probation was necessary because of a number of deficiencies in Aukstolis's work performance, including, inter alia, not completing assigned tasks, not completing tasks in a reasonable amount of time, failure to wear a required uniform, and tardiness.  See

Appdx. at 21. In addition to being placed on probation, Aukstolis's most recent raise was withdrawn. Id.

In March 2005, after having received the probation letter, Aukstolis provided AHEPA with a doctor's note reflecting his obstructive sleep apnea, hypertension, and atrial fibrillation. Aukstolis Aff. at ¶ 5. Aukstolis asked to use vacation time, paid time off, and sick time to help him work at AHEPA. Id. at ¶ 19.

On May 6, 2005, six weeks before the probationary period was to end, AHEPA terminated Aukstolis for poor performance. Id. at ¶ 10. Aukstolis was replaced by a 55-year-old man. Affidavit of Linda Bader ("Bader Aff.") at ¶ 8.

## IV.   DISCUSSION

### A.   ADEA Claim

Aukstolis's first claim is that, "the decision to terminate [him] was motivated by and based on his status as an older worker in violation of the Age Discrimination in Employment Act of 1967, as amended." Complaint, Count One at ¶ 8. AHEPA moves for summary judgment on the grounds that Aukstolis has failed to establish a prima facie case of age discrimination.

In employment discrimination cases, the Second Circuit applies the burden shifting analysis set forth in McDonnell Douglas Corp., v. Green, 411 U.S. 792 (1973). See James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir. 2000). Under this analysis, the plaintiff must first establish a prima facie case of discrimination by showing: 1) that the plaintiff is a member of a protected group; 2) that the plaintiff was qualified for the position; 3) that the plaintiff suffered an adverse employment action; and 4) that the adverse action took place under circumstances giving rise to the

inference of discrimination.  <u>James</u>, 233 F3d at 154.  The burden of establishing a <u>prima facie</u> case is <u>de minimis</u>.  See <u>Woodman v. WWOR-TV, Inc.</u>, 411 F.3d 69, 76 (2d Cir. 2005).  Once the plaintiff has established the <u>prima facie</u> case, the burden shifts to the employer to establish a legitimate business reason for the adverse employment action.  <u>Id.</u>  If the employer articulates such a reason, the burden then shifts back to the plaintiff to persuade the fact-finder that the defendant intentionally discriminated against the plaintiff because of the plaintiff's age.  <u>Id.</u>

AHEPA concedes that Aukstolis has established the first three elements of the <u>prima facie</u> case.  Mt. for S.J. at 10.  It argues, however, that he has failed to establish any genuine issue of material fact regarding the fourth element because he has offered no evidence that his termination occurred under circumstances that give rise to an inference of age discrimination.

In his Objection to AHEPA's Motion for Summary Judgment, Aukstolis notes two facts in reply to AHEPA's argument.  First, he contends that he has satisfied the fourth element of the <u>prima facie</u> case by asserting that he was replaced by a younger employee.  Aukstolis's Objection to AHEPA's Motion for Summary Judgment ("Objection") at 11.  Second, he contends that at AHEPA he was "subjected to criticism that he was slowing down and couldn't perform his job quickly."  <u>Id.</u>  The court will address these arguments in turn.

Generally, the fact that one worker is replaced by a younger worker is a "reliable indicator" of age discrimination.  <u>O'Connor v. Consol. Coin Caterers Corp.</u>, 517 U.S. 308, 311 (1996).  The Supreme Court cautions, however, that when the replacement worker is insignificantly younger than the plaintiff, an inference of age discrimination

cannot be drawn. Id. The Second Circuit has drawn no bright line as to the degree of age discrepancy that can or cannot support an inference of age discrimination. See, e.g., Woodman, 411 F.3d at 78, n. 9. It has noted, however, that a "1-year age discrepancy, without more, will not likely support an inference of discriminatory intent," Id. at 78, and has favorably cited other courts' holdings that, for example, a showing of a three-year age difference does not satisfy the fourth element of the prima facie case, Id. (citing Hoffmann v. Primedia Special Interest Publs., 217 F.3d 522, 525 (7th Cir. 2000)).

Aukstolis was born on January 2, 1949. Objection at 4. When he was terminated by AHEPA on May 6, 2005, he was 56 years old. His replacement was a 55-year-old man. 56(a)(2) Stmt. at ¶ 29. This one-year age discrepancy alone does not support an inference of discriminatory intent.

The only other argument Aukstolis makes in support of his ADEA claim is that he was "subjected to criticism that he was slowing down and couldn't perform his job as quickly." Objection at 11-12. Aukstolis offers no evidence in support of this argument. His brief cites no affidavit, exhibit, or declaration. There is no evidence in the record that supports his claim that he was subjected to criticism that he was slowing down, and more importantly, no evidence that suggests such criticism, if it did occur, was related to his age. Moreover, Aukstolis seems to be conflating the ADA's mandate that employers make reasonable accommodation with the ADEA's proscription of age discrimination. If AHEPA discharged Aukstolis because he was "slowing down" and could not perform his job in an acceptable fashion, the fact that his decreased speed was due to advancing age is irrelevant. Terminating an ADEA-protected employee for inability to perform

necessary job functions is not age discrimination.

Because Aukstolis has not established a prima facie case of age discrimination, it is unnecessary for the court to address the subsequent burden shifting analysis, and AHEPA's Motion for Summary Judgment is granted as to the ADEA claim.

B. ADA Claim

The ADA prohibits an employer from discriminating against a "qualified individual with a disability." 42 U.S.C. § 12112(a). Aukstolis's second claim is that, in terminating his employment, AHEPA violated the ADA. He argues that, although his medical conditions cause him to suffer from fatigue and daytime somnolence, he would have been able to perform his job had AHEPA made reasonable accommodation. Complaint, Count Two at ¶ 8. Specifically, Aukstolis states that he would have been able to complete his work at AHEPA adequately if AHEPA had permitted him to take time off and allowed him extended periods of time to perform certain tasks. Id.

AHEPA moves for summary judgment on the grounds that Aukstolis has not established a prima facie case of discrimination in violation of the ADA. In reasonable accommodation cases such as this one, to establish a prima facie case of ADA discrimination the plaintiff must show: "'(1) [the] plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006) (quoting Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir. 2004).

Aukstolis has not established this prima facie case. AHEPA asserts that Aukstolis's claim fails because, inter alia, his medical conditions do not qualify him as a person with a disability under the meaning of the ADA, and because he never requested any accommodation. Mt. for S.J. at 12-16. The court need not address these issues, however, because even assuming Aukstolis satisfied the first three elements of the prima facie case, he has not offered any evidence that AHEPA refused to make reasonable accommodations.

In his 56(a)(2) statement, Aukstolis denies AHEPA's assertion that he "was never denied any time off that he requested or given trouble about taking, and never asked for more time then (sic) he was allowed under the defendant's policies." 56(a)(2) at ¶ 20. In support of this denial, he cites paragraph 19 of his affidavit, which states: "I do not really understand the term 'accommodation,' but I know I asked to use vacation time, paid time off and sick time to help me work [at AHEPA]." Aukstolis Aff. at ¶ 19. Nowhere in the affidavit, however, does Aukstolis claim AHEPA denied any of his requests for time off or extra time to complete assigned tasks. Similarly, in his Objection to AHEPA's Motion for Summary Judgment, he states that he provided a doctor's note "to substantiate his need for extra time in completing his daily tasks, the use of his vacation time, paid time off, and sick time." Objection at 10. He does not, however, claim that AHEPA ever denied him time off or extra time.

Given the complete lack of evidence that AHEPA refused to make a reasonable accommodation, Aukstolis does not satisfy the fourth element of the prima facie case, and his ADA claim fails. Consequently, there is no genuine issue of material fact, and AHEPA's Motion for Summary Judgment is granted as to Count Two.

C.  Breach of Contract Claim

In his Complaint, Aukstolis alleges that, "[t]hrough the years [of his employment at AHEPA, he] received numerous insurances (sic) that he would continue to have a job at [AHEPA]." Complaint, Count Three at ¶ 8. He further claims that, "he was told that he would have a job as long as he wanted," and that therefore he was "under the expectancy of continued employment with [AHEPA]." Id. at ¶¶ 8-9. Thus, Aukstolis argues, when AHEPA terminated him it breached an oral implied contract for his continued employment. Id. at ¶ 11.

With respect to Aukstolis's breach of contract claim, AHEPA moves for summary judgment on the ground that Aukstolis does not have sufficient evidence of the existence of a contract. Mt. for S.J. at 17. To begin, it must be noted that Aukstolis does not address AHEPA's Motion for Summary Judgment as to the breach of contract claim. Even had Aukstolis contested the Motion, however, his objections would be without merit.

In his Local Rule 56(a)(2) Statement, Aukstolis admits that "no representative of defendant ever told [him] that he had a job as long as he wanted it." 56(a)(2) Stmt. at ¶ 40. This admission directly recants the allegation made in his complaint and leaves no evidence upon which to find the existence of an implied oral contract. It is fatal to his breach of contract claim.

Under Connecticut law, without a contract Aukstolis is an at-will employee. See Thibodeau v. Design Group One Architects, LLC, 260 Conn. 691 (2002) (holding that in the absence of a contract to the contrary "an employer and employee have an at-will employment relationship"). Further, "[e]mployment at will grants both parties the right to

terminate the relationship for any reason, or no reason, at any time without fear of legal liability." Id. at 697-98. Consequently, there is no dispute as to a genuine issue of material fact with regard to Aukstolis's breach of contract claim, and AHEPA's Motion for Summary Judgment is granted as to that claim.

### D.      Promissory Estoppel Claim

Aukstolis's promissory estoppel claim, Count Four of his Complaint, relies on the fact that AHEPA "should have reasonably expected that Aukstolis would rely on its promise of job security at a minimum rely (sic) on the fact that they provided him with a full 90 day probationary period so that he would not have been fired during that period of time." Complaint, Count Four at ¶ 12. The court construes this argument as a cause of action for promissory estoppel based on a promise, implied in the February 28, 2005 probation letter, that Aukstolis would not be terminated during the 90-day probationary period. This interpretation is supported by Aukstolis's Objection to AHEPA's Motion for Summary Judgment which states, "[i]t was Aukstolis's understanding, based on the written probation notification that he received, that he was to complete his probationary period on June 17, 2005, and then have a job performance evaluation." Objection at 14.

Under Connecticut law, "any claim of estoppel is predicated on proof of two essential elements: [1)] the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and [2)] the other party must change its position in reliance on those facts, thereby incurring some injury." Chotkowski v. State, 240 Conn. 246, 268 (Conn. 1997). Aukstolis's promissory estoppel claim fails because, even if the

court were to find the probation letter contained an implied promise, Aukstolis did nothing in reliance on that promise.

In his 56(a)(2) statement, Aukstolis admits that he "did nothing in reliance on the probation." 56(a)(2) Stmt. at ¶ 23. He offers no evidence of reliance in any pleading, and there is no evidence in the record that could support a finding that he relied on any implied promise. As a result, no jury could find for Aukstolis on his promissory estoppel claim, and AHEPA's Motion for Summary Judgment is therefore granted as to this estoppel claim.

      E.      <u>Breach of the Implied Covenant of Good Faith and Fair Dealing Claim</u>

In the Fifth Count of his Complaint, Aukstolis claims AHEPA "tortuously (sic) breached the implied covenant of Good Faith and Fair Dealing present in every employment contract by terminating him [on] May 6, 2005, during [the time] he was supposed to be on probation." Complaint, Count Five at ¶ 13. It appears from the record that this claim is based on the theory that, in terminating Aukstolis, AHEPA violated the ADEA, the ADA, or both, and thereby breached the covenant of good faith and fair dealing.

AHEPA moves for summary judgment as to this count, claiming "[Aukstolis] cannot recover for breach of the covenant of good faith and fair dealing because he has a statutory remedy." Mt. for S.J. at 21. Specifically, it avers that Aukstolis "has not established a factual basis for any [violation of the ADEA or the ADA, but that] even if he had, the cause of action fails because [he] has a statutory remedy for the violation." <u>Id.</u>

As with Count Three above, Aukstolis does not address AHEPA's Motion for

Summary Judgment as to his good faith and fair dealing claim. Even had Aukstolis objected, however, AHEPA is entitled to summary judgment. Under Connecticut law, an employer is liable for damages if a former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (Conn. 1980). Where a statutory remedy exists for such improper dismissal, however, the former employee's common-law wrongful discharge claim is precluded. See Burnham v. Karl & Gelb, P.C., 252 Conn. 153, 158 (Conn. 2000) (finding that plaintiff's common-law wrongful discharge claim was precluded because she had a statutory remedy under the federal Occupational Safety and Health Act of 1970).

In the instant case, both the ADEA and the ADA provide statutory remedies for discriminatory termination. Moreover, Aukstolis has brought suit under those remedies in Counts One and Two. He is therefore precluded from bringing an additional common-law action for breach of the implied covenant of good faith and fair dealing based on the same discriminatory termination. As a result, there is no genuine issue of material fact with regard to Count Five, and AHEPA's Motion for Summary Judgment as to that Count is granted.

## V. CONCLUSION

For the reasons discussed herein, AHEPA's Motion for Summary Judgment (Doc. No. 35) is **GRANTED** as to all claims. Further, the Motion to Amend/Correct the First Motion for Summary Judgment (Doc. No. 36) is also **GRANTED**.

**SO ORDERED**.

Dated this 29th day of September, 2008, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge